UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD RAY MAGEE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13148** |
| **JAMES LEBLANC, ET AL.** | **SECTION "J"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual and Procedural Background

The plaintiff, Donald Ray Magee, Jr. ("Magee"), is an inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC"). He filed this *pro se* complaint under 42 U.S.C. § 1983 against the defendants, Department of Corrections Secretary James LeBlanc, Warden Robert C. Tanner, Colonel Harold Harrell, and Lieutenant Johnny Johnson seeking damages for his injuries from the use of excessive force and denial of medical care by defendants in 2013 and 2016. When Magee filed his complaint, he did submit a filing fee or an application to proceed *in forma pauperis*.

### II.   Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss

a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions, Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

## III. Analysis

Magee did not submit the required filing fee or request leave to proceed *in forma pauperis* when he filed his complaint. The Clerk of Court mailed a Notice of Deficiency dated October 18, 2019, to plaintiff at his address of record advising him that he was required to either pay the filing fee or complete and return a certified pauper application. Rec. Doc. No. 1. The envelope has not been returned as undeliverable.

On November 20, 2019, the undersigned issued an Order for Magee to show cause on or before December 4, 2019, why his complaint should not be dismissed for his failure to comply with the Clerk's Notice of Deficiency by paying the filing fee or submitting a pauper application. Rec. Doc. No. 3. The Order was sent to Magee at his address of record, and the envelope has not been returned as undeliverable. Magee has not replied to the Court's Rule to Show Cause Order.

The Notice of Deficiency and the Court's Order were mailed to Magee at the only address he has provided. All litigants are obligated to keep the Court advised of any address change. L.R. 11.1 and L.R. 41.3.1. Magee has not notified the Court that he has been released from the facility or that his address has changed. In addition, the plaintiff still has not provided the filing fee or pauper application required to prosecute his case. Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Donald Ray Magee, Jr.'s § 1983 complaint against the defendants, Secretary James LeBlanc, Warden Robert C. Tanner, Colonel Harold Harrell, and Lieutenant Johnny Johnson, be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 6th day of January 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.